Dear Mr. Karns:
This office is in receipt of you recent opinion request in which you present the following issues for our review.
 1. Do the provisions of LSA R.S. 49:991 et seq. and the Administrative Procedure Act allow the Division of Administrative Law to conduct confidential proceedings concerning examination reports of the Louisiana Department of Insurance, and to keep all filings, pleadings, and other documents filed into the record in accordance with such proceedings confidential?
 2. If the answer to question number 1 is yes, under what conditions and procedures must the Division of Administrative Law operate in order to keep such proceeding and filings confidential? It appears that there will be a need for the closed hearings, a need for certain files to be "flagged" so that the confidential nature of the proceedings and the filings will be protected, a need for separate storage of these proceedings under lock and key by the Division of Administrative Law so that there is no access to these files, no published docket as to these proceedings, etc.
 3. Is the Louisiana Department of Insurance, and the employees thereof, in violation of the provisions of Title 22 if such employees allow confidential documents and confidential examination reports to be submitted to and stored by the Division of Administrative Law in conjunction with such confidential proceedings? Can the Division of Administrative Law be allowed to store these confidential documents, or should such documents remain under the sole control of the Department of Insurance?
Upon requesting further information from your department, it was determined that your request dealt with the confidential reports and hearings required under LSA-R.S. 22:1302.This statute provides, in pertinent part:
LSA-R.S. 22:1302, Examination Reports
 H. The hearing provided for under Subsection E(2) or G of this Section shall be a confidential proceeding. At the conclusion of the hearing and in accordance with R.S. 22:1359, the commissioner shall enter an order adopting the examination report as filed or refiled, or with modification or corrections, and may order the company to take any action the commissioner considers necessary and appropriate to cure any violation of any law, regulation, or prior order of the commissioner.
 I. (1) Upon the adoption of the examination report under either Subsection C(1), E(1), or H of this Section, the commissioner shall continue to hold the content of the examination report as private and confidential information for a period not to exceed thirty consecutive days, except to the extent provided in R.S. 22:1301(E) and Subsection B of this Section. Thereafter, the commissioner may open the report for public inspection so long as no court of competent jurisdiction has stayed its publication.
 (2) Nothing contained in the Louisiana Insurance Code shall prevent, or be construed as prohibiting, the commissioner from disclosing the content of an examination report, preliminary examination report or results, or any matter relating thereto, to the insurance department of this or any other state or country, or to law enforcement officials of this or any other state or agency of the federal government at any time, so long as such agency or office receiving the report or matters relating thereto agrees, in writing, to hold it confidential and in a manner consistent with this Part.
 (3) If the commissioner determines that regulatory action is appropriate as a result of any examination, he may initiate any proceedings or actions as provided by law.
 J. All working papers, recorded information, documents, and copies thereof produced by, obtained by, or disclosed to the commissioner, or any other person, in the course of an examination made under this Part, shall be given confidential treatment and are not subject to subpoena and may not be made public by the commissioner or any other person, except to the extent provided in R.S. 22:1301(E) and Subsection I of this Section. Any access may be granted to the National Association of Insurance Commissioners. The parties shall agree, in writing prior to receiving the information, to provide to it the same confidential treatment as required by this Section, unless the prior written consent of the company to which it pertains has been obtained. (Emphasis ours.)
This statute requires that all documents and information collected, and any hearings held in regards to, an examination report be kept confidential by the Commissioner and his employees. It further provides that such information is not subject to subpeona.
LSA-R.S. 49:950 et seq., also known as the Administrative Procedure Act (or APA), sets forth the requirements for state agencies, departments, boards and commissions to follow regarding hearings and adjudications held by that agency. However, there are some exceptions to this law. LSA-R.S. 49:956 provides:
LSA-R.S. 49:956, Rules of Evidence
 (8)(a) Records and documents, in the possession of any agency or of any officer or employee thereof including any written conclusions drawn therefrom, which are deemed confidential and privileged shall not be made available for adjudication proceedings of that agency and shall not be subject to subpoena by any person or other state or federal agency.
 (b) Such records or documents shall only include
any private contracts, geological and geophysical information and data, trade secrets and commercial or financial data, which are obtained by an agency through a voluntary agreement between the agency and any person, which said records and documents are designated as confidential and privileged by the parties when obtained, or records and documents which are specifically exempt from disclosure by statute.
 (c) Any violation of this prohibition shall be a waiver of governmental immunity from suit for damage resulting from any such disclosure. (Emphasis ours.)
This section does not allow for the use of information deemed confidential and privileged in any adjudication proceedings. LSA-R.S.22:1302 clearly states that all information disclosed in the course of the examination shall be given confidential treatment and are not to be made public.
Since the APA specifically exempts confidential information from being introduced at a hearing and all information relevant to an examination report is confidential, the hearings held by the Department of Insurance regarding examination reports under LSA-R.S. 22:1302 are not subject to the Administrative Procedure Act or the provisions regarding the Division of Administrative Law. The statute clearly provides that such hearings are to be held before the commissioner or his duly authorized designee. The procedure outlined under the provisions of LSA-R.S. 22:1302 allows for the continued confidentiality of such documents and information within the Department of Insurance.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB:glb